UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN CASAS, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; VERIZON WIRELESS; JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Steven Casas (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Spring, Texas.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in Texas with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant Verizon Wireless ("Verizon") is a business entity that regularly conducts business in Texas with its principal place of business located at 1 Verizon Way Basking Ridge, New Jersey 07920.

7. Jefferson Capital Systems, LLC ("Jefferson") is a business entity that regularly conducts business in Texas with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota 56393. Jefferson is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

8. On a date better known by Verizon, Plaintiff allegedly went delinquent on a $371 debt. The debt was incurred through the use of a personal phone bill.

9. In order to collect on the debt, and punish Plaintiff for the alleged non-payment, on a date better known by Verizon, Verizon began reporting the alleged debt to the credit reporting agencies month after month.

10. However, Verizon chose an unusual path to punish this Plaintiff.

11. Instead of reporting an alleged delinquent debt in one trade line, Verizon chose to report Plaintiff delinquent twice for the same alleged debt.

12. After Plaintiff exercised his legal rights in disputing the debt with Equifax, Verizon chose to punish Plaintiff for this too, in the form of reporting a third trade line for the same debt.

13. At present, Plaintiff's credit report has three negative trade lines on his report from Verizon for the same exact account. This is hurting Plaintiff's credit score and credit worthiness three times as much as it should.

14. Plaintiff's credit is also suffering a fourth trade line from *the same alleged debt*.

15. Upon information and belief, Verizon sold the debt to Jefferson. Thereafter, Jefferson began reporting the debt to the credit reporting agencies. Accordingly, Plaintiff's credit report looks as though Plaintiff is delinquent on four separate debts, making him look like a dead beat debtor for failing to pay a single alleged bill. This inaccuracy severely impacts Plaintiff's debt-to-income ratio and misleads potential creditors. A high debt-to-income ratio is a significant factor that future creditors evaluate. *See* Consumer Finance Protection Bureau website at https://www.consumerfinance.gov/ask-cfpb/what-is-a-debt-to-income-ratio-why-is-the-43-debt-to-income-ratio-important-en-1791/.

16. After receiving Plaintiff's disputes concerning the repeat trade lines, Equifax transmitted Plaintiff's disputes to Verizon.

17. Verizon failed to conduct a reasonable investigation into Plaintiff's disputes and verified the information as accurate.

18. Equifax also failed to conduct a reasonable investigation into Plaintiff's disputes and failed to maintain reasonable procedures to prevent duplicate accounts from repeatedly hurting the credit scores of consumers.

## CLASS ACTION ALLEGATIONS AS TO EQUIFAX INFORMATION SERVICES LLC

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20. Plaintiff seeks certification of the following classes, initially defined as follows:

**§1681e(b) Class: All consumers with a Texas address that allegedly incurred a debt from Verizon Wireless, for whom Verizon Wireless reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers' Equifax credit report within five years prior to the filing of this complaint.**

**§1681i Class: All consumers with a Texas address that allegedly incurred a debt from Verizon Wireless, for whom Verizon Wireless reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers' Equifax credit report, that disputed said reporting, and for whom Equifax continued reporting said reporting, for disputes made within two years prior to the filing of this complaint.**

### Numerosity

21. Upon information and belief, Equifax has been reporting duplicate trade lines for the same debts on hundreds, if not thousands, of credit reports for consumers in Texas, each of which violates the FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Equifax's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Equifax violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Equifax; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of

4

Equifax's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Equifax's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

28. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the members of the Classes will continue to suffer losses borne from Equifax's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Equifax's conduct to proceed and harm consumers.

34. Equifax has acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX

35. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

36. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

37. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38. Specifically, by allowing the same creditor to report multiple trade lines for the same debt, Equifax has failed to maintain reasonable procedures.

39. Equifax negligently and willfully failed to reinvestigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i. Had it done so, it would have stopped reporting the same debt multiple times.

40. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO VERIZON WIRELESS

41. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

42. At all times pertinent hereto, Verizon was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

43. Verizon willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

44. Verizon willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report duplicate items.

45. Verizon willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

46. Verizon willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

47. Verizon willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

48. Verizon willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

49. Verizon's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT III
### VIOLATION OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### AS TO VERIZON WIRELESS

50. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

51. At all times pertinent hereto, Verizon was a "debt collector" as that term is used and defined under Tex. Fin. Code § 392.001.

52. During the course of its debt collection, Verizon misrepresented the character, extent, and amount of Plaintiff's alleged debt in violation of Tex. Fin. Code §§ 392.304(8) and 392.304(19).

53. Verizon's continued this collection activity month after month.

54. As a result of Verizon's conduct, Plaintiff has been unable to purchase a home.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO JEFFERSON CAPITAL SYSTEMS, LLC

55. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

56. Despite Plaintiff's alleged debt being reported by Verizon with a balance owing, Jefferson also reported the debt on Plaintiff's credit report at the same time.

57. As a result of these duplicate balances being reported, it appeared as though Plaintiff had a delinquency of double the true delinquency which is false, deceptive and misleading.

58. Accordingly, Jefferson has provided misleading information concerning Plaintiff's delinquencies to the credit bureaus in violation of 15 U.S.C. §§ 1692e, e(2), and e(10).

## COUNT V
## VIOLATION OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
## AS TO JEFFERSON CAPITAL SYSTEMS, LLC

59. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

60. At all times pertinent hereto, Jefferson was a "debt collector" as that term is used and defined under Tex. Fin. Code § 392.001.

61. During the course of its debt collection, Jefferson misrepresented the character, extent, and amount of Plaintiff's alleged debt in violation of Tex. Fin. Code §§ 392.304(8) and 392.304(19).

62. Jefferson's continued this collection activity month after month.

63. As a result of Jefferson's conduct, Plaintiff has been unable to purchase a home.

WHEREFORE, Plaintiff, Steven Casas, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A.    Enter an Order declaring Defendants' actions, as described above, in violation of the FDCPA, TFDCPA, and FCRA;

    B.    Enter an Order for injunctive relief prohibiting such conduct in the future;

    C.    Appoint Plaintiff as the Representative for the Classes, and appoint Plaintiff's Counsel as Lead Counsel for the Classes;

    D.    Enter judgment against the Defendants for statutory, actual, and punitive damages;

    E.    Award costs and reasonable attorneys' fees; and,

    F.    Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 21st of November, 2018.

    Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
**Zemel Law LLC**
1373 Broad St. Suite 203C
Clifton, New Jersey 07013
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff

Case 4:18-cv-04444 Document 1 Filed on 11/21/18 in TXSD Page 11 of 11

11