United States District Court
Southern District of Texas
**ENTERED**
November 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN CASAS, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4444 |
| EQUIFAX INFORMATION SERVICES, LLC, VERIZON WIRELESS, and JEFFERSON CAPITAL SYSTEMS, LLC, | § § § § § | |
| Defendants. | § | |

### ORDER OF STAY

Pending is Defendant Equifax Information Services, LLC's Motion to Stay Pending Arbitration (Document No. 36). After carefully reviewing the motion, response, reply, and applicable law, the Court concludes for the reasons that follow that the case should be stayed.

The Court previously granted the motion of Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon") and Jefferson Capital Systems, LLC ("Jefferson") to compel Plaintiff Steven Casas to arbitrate his claims alleging that Verizon and Jefferson reported inaccurate information about Plaintiff's debt, and to stay all further proceedings in this case as to Verizon and Jefferson.[1] The third Defendant, Equifax Information Services, LLC ("Equifax"),

---

[1] Document No. 45.

a non-party to the arbitration agreements, moves to stay the case until conclusion of the arbitration because the factual issues to be decided by the arbitrator are closely related to and may be dispositive of Plaintiff's sole claim against Equifax for violation of the Fair Credit Reporting Act.

When a suit against a non-signatory to an arbitration agreement "is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration." Hill v. G E Power Sys., Inc., 282 F.3d 343, 347 (5th Cir. 2002) (citation omitted). Here, many of the same operative facts underlie Plaintiff's claims against Verizon and Jefferson and his claim against Equifax, and the arbitrator's decision may undermine the basis for Plaintiff's claim against Equifax. Thus, Plaintiff's claims against Equifax are inseparable from his claims against Verizon and Jefferson, all of which he alleged together in a single suit. Plaintiff does not identify any prejudice that would result from a stay other than delay of this litigation, and "[m]ere delay that inherently results from a stay does not constitute prejudice sufficient to deny a request for stay." Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Americas, Inc., No. CIV.A. H-15-144, 2015 WL 6394436, at *2 (S.D. Tex. Oct. 22, 2015) (Miller, J.) (citations omitted). Accordingly, the Court

finds that a stay is warranted in order to avoid wasting judicial resources and to promote the federal policy in favor of arbitration. It is therefore

ORDERED that Defendant Equifax Information Services, LLC's Motion to Stay Pending Arbitration (Document No. 36) is GRANTED and the case is STAYED pending the outcome of the arbitration proceeding between Plaintiff, Verizon, and Jefferson, or until further order of the Court.[2]

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 19th day of November, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to the Court's Order to Proceed to Arbitration entered September 23, 2019, the parties to the arbitration are to submit reports on the status of the arbitration every six months until the arbitration is concluded. Document No. 45 at 8.

3