# EXHIBIT 1

| | |
|---|---|
| **From:** | Daniel Zemel |
| **To:** | Roper, Meryl |
| **Cc:** | Elizabeth Apostola; Toro, John; Stein, Kate |
| **Subject:** | Re: Casas |
| **Date:** | Tuesday, September 8, 2020 10:55:05 PM |
| **Attachments:** | image001.png |

**\*\*External Sender\*\***

Meryl,

Its not my intent to brief this issue with you. Here is a case allowing a subpoena for depositions by the arbitrator. Matter of Roche Molecular Sys. Inc. (Gutry), 2018 NY Slip Op 28125, ¶ 7, 60 Misc. 3d 222, 231, 76 N.Y.S.3d 752, 759 (Sup. Ct.) and ImClone Sys. Inc. v Waksal (22 AD3d 387, 802 NYS2d 653 [1st Dept 2005]. I'm familiar with the case law on the other side.

Documents will not be sufficient because the documents aren't self explanatory and frankly there are some questions that even someone with as much experience as I have can't answer by looking at the documents. Further, there is no question that the arbitrator has a right to bring in Equifax for the hearing itself (remotely w/in 100 miles) so one option is definitely to advise the arbitrator that Equifax will need to be subpoenaed to testify in person at the hearing. Though I imagine its easier for a witness to be deposed than examined at a hearing.

I've presented my case to the arbitrator about why we need an Equifax deposition subpoena. He agreed. Clearly there is a need. We haven't been agreeing on much as of late so I won't be surprised if we don't agree here. But I need to know Equifax's position so I can take the necessary next steps of enforcement. Respondent, the arbitrator, and I are all waiting to know whether the case can proceed or needs to be put on ice while we seek court relief.

On Thu, Sep 3, 2020 at 2:32 PM Roper, Meryl <MRoper@kslaw.com> wrote:

> Daniel,
>
>   Based on our reading of the case law, an arbitrator does not have authority under the FAA to subpoena pre-hearing deposition testimony from a third party. If you are aware of authority that supports your position that such testimony is allowed, please provide it to us and we'll be happy to review it and engage in a further discussion with Equifax.
>
>
>   Also, please let us know why documents will not be sufficient for Equifax as a non-party when it doesn't appear that Plaintiff is seeking a deposition of Verizon in the arbitration.
>
>
>
> Regards,
>
> Meryl
>
> ___
>
> **Meryl W. Roper**

Counsel

T: +1 404 572 2812 | E: mroper@kslaw.com | www.kslaw.com

BIO | vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

# KING & SPALDING

**From:** Daniel Zemel <dz@zemellawllc.com>
**Sent:** Thursday, September 3, 2020 1:51 PM
**To:** Roper, Meryl <MRoper@KSLAW.com>
**Cc:** Elizabeth Apostola <ea@zemellawllc.com>; Toro, John <JToro@KSLAW.com>; Stein, Kate <KStein@kslaw.com>
**Subject:** Re: Casas

**External Sender**

Meryl,

I need to make your position to the arbitrator clear. Are you refusing to provide any deposition testimony in this matter no matter what? Document's alone will not due for our purposes.

On Thu, Sep 3, 2020 at 1:48 PM Roper, Meryl <MRoper@kslaw.com> wrote:

> Daniel:
>
> This email is to respond substantively to the subpoena issued in the arbitration involving Plaintiff and Cellco Partnership (d/b/a Verizon Wireless), to which Equifax is not a party. We ask that Plaintiff withdraw the subpoena for three reasons.
>
> *First*, the Federal Arbitration Act ("FAA") is clear that the power of an arbitrator to issue a subpoena to a non-party is limited. Specifically, Section 7 of the FAA states, in pertinent part, that an arbitrator may only summon a person to attend an arbitration hearing and to bring to such hearing documents deemed material in the case. *See* 9 U.S.C.A. § 7. The plain language of the statute prohibits pre-hearing discovery from non-parties, whether that discovery is documentary or testimonial in nature. *See Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc.*, 939 F. 3d 1145, 1159 (11th Cir.

2019) (referencing rulings in the Second, Third, Fourth, and Ninth Circuits). For example, the Eastern District of Louisiana has held that Section 7 of the FAA does not allow for the issuance of a subpoena seeking the production of documents from a non-party who has not been summoned to testify as a witness before the arbitrator. *See Chicago Bridge & Iron Co. N.V. v. TRC Acquisition, LLC*, No. CIV.A. 14-1191, 2014 WL 3796395, at *3 (E.D. La. July 29, 2014). The Northern District of Texas has agreed, holding that "[Section] 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing." *See Empire Fin. Grp., Inc. v. Penson Fin. Servs., Inc.*, No. CIV.A. 3:09-CV-2155D, 2010 WL 742579, at *3 (N.D. Tex. Mar. 3, 2010). Still another federal court has held that an arbitrator lacks the power to issue subpoenas for pre-hearing depositions and document productions from non-parties. *See Kennedy v. Am. Express Travel Related Servs. Co.*, 646 F. Supp. 2d 1342, 1344 (S.D. Fla. 2009) (citing to *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407–12 (3d Cir. 2004)). *See also McTammany v. Found. Capital Partners L.P.*, No. 815MC0006DOCVBKX, 2015 WL 12781404, at *3 (C.D. Cal. May 1, 2015) (denying Plaintiff's motion to compel a non-party deposition because the arbitrator's power under Section 7 does not extend to ordering non-parties to appear for pre-hearing depositions). The subpoena issued to Equifax here was not for attendance and/or document production at an arbitration hearing, but rather for pre-hearing discovery. It is therefore not enforceable under Section 7 of the FAA.

*Second*, as set forth in your email of August 31, the arbitrator issued no ruling granting leave to obtain discovery against Equifax, but only signed a subpoena prepared by Plaintiff. It is therefore unclear whether Plaintiff has even obtained leave to take documentary and deposition discovery from Equifax, as required under the orders entered by the Arbitrator.

*Third*, it is my understanding that the only pre-hearing discovery that has been conducted so far has been the limited production of documents between the parties, and no deposition testimony. It would be overly broad and unduly burdensome for Equifax, as a non-party, to be compelled to provide testimony when the parties to the arbitration are not engaging in the same type of discovery.

Please confirm that the subpoena for documents and testimony is withdrawn, and that the deposition purportedly scheduled for September 11, 2020 is off calendar. We are, however, available to engage in a further discussion to determine if there is a potential compromise that we could reach on a limited document production notwithstanding the above.

Regards,

Meryl

**Meryl W. Roper**
*Counsel*

T: +1 404 572 2812  |  E: mroper@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

KING & SPALDING

**From:** Daniel Zemel <dz@zemellawllc.com>
**Sent:** Monday, August 31, 2020 11:16 AM
**To:** Roper, Meryl <MRoper@KSLAW.com>
**Cc:** Elizabeth Apostola <ea@zemellawllc.com>; Toro, John <JToro@KSLAW.com>; Stein, Kate <KStein@kslaw.com>
**Subject:** Re: Casas

**External Sender**

Meryl,

There is no such order. The Arbitrator signed the subpoena.

On Mon, Aug 31, 2020 at 6:38 AM Roper, Meryl <MRoper@kslaw.com> wrote:

> Daniel,
>
> Thanks for sending along the scheduling and protective orders. Will you also please send along any orders from the arbitrator that granted leave for Plaintiff to serve the subpoena on Equifax?
>
> Regards,
>
> Meryl

**Meryl W. Roper**
Counsel

T: +1 404 572 2812  |  E: mroper@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

KING & SPALDING

**From:** Daniel Zemel <dz@zemellawllc.com>
**Sent:** Wednesday, August 26, 2020 5:11 PM
**To:** Roper, Meryl <MRoper@KSLAW.com>
**Cc:** Elizabeth Apostola <ea@zemellawllc.com>; Toro, John <JToro@KSLAW.com>; Stein, Kate <KStein@kslaw.com>
**Subject:** Re: Casas

**External Sender**

Meryl,

See attached Orders.

On Wed, Aug 26, 2020 at 1:58 PM Roper, Meryl <MRoper@kslaw.com> wrote:

> Daniel and Elizabeth,
>
> I'm writing to follow up on the below emails regarding the subpoena to Equifax in the pending arbitration between Plaintiff and Cellco Partnership. I'd appreciate it if you would send me copies of all orders relating to scheduling and deadlines in the arbitration as well as any confidentiality/protective order governing the production of documents and designation of testimony. Once I've received and reviewed such orders, Equifax will be in a position to determine the scope of any obligations to produce documents and/or provide deposition testimony. Please let me know if you will send those along.
>
> Also, as a matter of courtesy, and without waiving any objections as to the legitimacy of a deposition for an Equifax corporate representative, I wanted to let you know that September 11 will not work for either me or my client. Any discussion of

the timing of an Equifax deposition, if one is to occur, will need to take place once Equifax is better able to understand the scope and breadth of its obligations in the arbitration.

Regards,

Meryl

**Meryl W. Roper**
Counsel

T: +1 404 572 2812  |  E: mroper@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

**KING & SPALDING**

**From:** Roper, Meryl
**Sent:** Monday, August 24, 2020 11:55 AM
**To:** 'Daniel Zemel' <dz@zemellawllc.com>; Elizabeth Apostola <ea@zemellawllc.com>
**Cc:** Toro, John <jtoro@kslaw.com>; Stein, Kate <kstein@kslaw.com>
**Subject:** RE: Casas

Daniel,

I'll be handling the subpoena. I'll be back in touch later this week about it.

Regards,

Meryl

**Meryl W. Roper**

*Counsel*

T: +1 404 572 2812  |  E: mroper@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

# KING & SPALDING

**From:** Daniel Zemel <dz@zemellawllc.com>
**Sent:** Friday, August 21, 2020 10:13 AM
**To:** Roper, Meryl <MRoper@KSLAW.com>; Elizabeth Apostola <ea@zemellawllc.com>
**Subject:** Casas

**\*\*External Sender\*\***

Meryl,

Will you be able to assist with this subpoena?

--

Daniel Zemel, Esq.

**ZEMEL LAW, LLC**

660 Broadway

Patterson, NJ 07514

T: (862) 227-3106

F: (973) 282-8603

DZ@zemellawllc.com

---

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt*

*from disclosure under work product doctrine or other applicable law. If you are not the addressee or it appears you have received this email in error, kindly notify the sender immediately. Please ignore this communication and delete it along with any attachments immediately. The reproduction, dissemination, or distribution of this communication is prohibited. Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind. Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

--

Daniel Zemel, Esq.

**ZEMEL LAW, LLC**

660 Broadway

Patterson, NJ 07514

T: (862) 227-3106

F: (973) 282-8603

DZ@zemellawllc.com

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law. If you are not the addressee or it appears you have received this email in error, kindly notify the sender immediately. Please ignore this communication and delete it along with any attachments immediately. The reproduction, dissemination, or distribution of this communication is prohibited. Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind. Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*

--

Daniel Zemel, Esq.

**ZEMEL LAW, LLC**

660 Broadway

Patterson, NJ 07514

T: (862) 227-3106

F: (973) 282-8603

DZ@zemellawllc.com

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law. If you are not the addressee or it appears you have received this email in error, kindly notify the sender immediately. Please ignore this communication and delete it along with any attachments immediately. The reproduction, dissemination, or distribution of this communication is prohibited. Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind. Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*

--

Daniel Zemel, Esq.

**ZEMEL LAW, LLC**

660 Broadway

Patterson, NJ 07514

T: (862) 227-3106

F: (973) 282-8603

DZ@zemellawllc.com

===================================================

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law. If you are not the addressee or it appears you have received this email in error, kindly notify the sender immediately. Please ignore this communication and delete it along with any attachments immediately. The reproduction, dissemination, or distribution of this communication is prohibited. Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind. Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential information including dates of birth,*

*medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*

--
Daniel Zemel, Esq.

**ZEMEL LAW, LLC**
660 Broadway
Patterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law. If you are not the addressee or it appears you have received this email in error, kindly notify the sender immediately. Please ignore this communication and delete it along with any attachments immediately. The reproduction, dissemination, or distribution of this communication is prohibited. Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind. Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*