# EXHIBIT 3

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| STEVE CASAS,<br>    Claimant | §<br>§<br>§ | |
| v. | § | CASE NUMBER: 01-19-0004-1115 |
| CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS<br>    Respondent | §<br>§<br>§ | |

## SCHEDULING ORDER AND NOTICE OF FINAL HEARING

On April 27, 2020, the Arbitrator held a Preliminary Hearing. The following participated: Daniel Zemel and Elizabeth Apostola, counsel for Claimant; Ken Ohashi and Courtney Kenisky (for part), counsel for Respondents; and AAA Case Manager Sophia Parra.[1] After discussion with counsel, the Arbitrator issues the following Scheduling Order that shall govern this matter:

1. Direct Exchange. The parties will engage in direct exchange of documents with the Arbitrator, with a copy to the AAA and the other party. No *ex parte* communications with the Arbitrator are permitted. Unless attached as an exhibit to a motion, the parties need not provide discovery to the Arbitrator. The Arbitrator's email address is as follows:

judge@sylviamatthews.com

2. Applicable Law: The parties agree that Texas law applies and the arbitration shall proceed under the Federal Arbitration Act.

3. Jurisdiction. The parties agree that there are no issues regarding jurisdiction.

4. New Parties. No new parties shall be joined without leave from the Arbitrator.

5. Pleadings. Respondent may amend its pleadings to file a counterclaim on or before May 11, 2020. Claimant may file an answer no later than May 25, 2020.

---

[1] Although originally named as a respondent, Jefferson Capital Systems, LLC was dismissed by order signed on March 5. 2020.

1

6.  Exchange of Information.  On or before June 26, 2020, the parties will exchange information, including electronically stored documents, on which they intend to rely in the arbitration including, but not limited to, information regarding the specific account(s) at issue, ACDV, historical account notes, and relevant policies and procedures.

7.  Agreed Protective Order.  The parties will file an agreed protective order no later than May 15, 2020.

8.  Exchange of Witness Lists. On or before July 27, 2020, the parties will identify the witnesses, if any, they plan to testify at the hearing.

9.  Discovery. After the exchange of information, if necessary, the parties may conduct limited discovery as follows: subpoenaing the business records from the three credit agencies; propounding no more than five (5) requests for production and ten (10) Interrogatories to each other. If a party determines that a deposition is necessary, that party may request leave to conduct additional discovery.

10.  Experts for Claimant. Claimant shall designate expert witnesses, if any, by September 30, 2020.  The CV and report shall be included with the designation.

11.  Experts for Respondent.  Respondent shall designate expert witnesses, if any, by November 13, 2020.  The CV and report shall be included with the designation.

12.  Discovery Cut-off.  Unless otherwise agreed by the Parties, discovery shall conclude by December 18, 2020.

13.  Dispositive Motions.  Dispositive motions may be filed no later than January 8, 2021. Responses to the motion shall be filed 21 days after the motion is filed.

14.  Pre-Hearing Submissions.  The Parties shall serve and file their witness list, exhibit list, a copy of all exhibits, and stipulations of uncontested facts on or before February 11, 2021.

15.  Status Conference.  A telephone conference of all counsel and the Arbitrator shall be held on **February 9, 2021 at 11:00 am**.

16.  Final Hearing.  The final hearing shall be an in-person hearing and will take place on **February 23, 2020, beginning at 9:00 am** at a location to be determined in Houston, Texas.  The Parties anticipate that the testimony at the Final Hearing will include live testimony.

17. Court Reporter.  A party desiring to use the services of a court reporter at the Final Hearing may do so at its own expenses.  A party not desiring a court reporter is not responsible for this expense.

18. Type of Award.  The Arbitrator shall issue an award with concise written reasons for the decision.

19. Subpoenas. The Parties agree that if subpoenas are necessary, they may be issued by the Arbitrator.

20. Cybersecurity Measures:  The parties shall also confer on reasonable precautions to be taken with regard to cybersecurity, privacy, and data protection to ensure an appropriate level of security for the case.

Signed this ___28th___ of April, 2020

*Sylvia A. Matthews*
Hon. Sylvia A. Matthews
Arbitrator