IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN CASAS, individually and on behalf of all other similarly situated consumers, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-18-4444 |
| EQUIFAX INFORMATION SERVICES LLC, VERIZON WIRELESS, and JEFFERSON CAPITAL SYSTEMS LLC, | § § § § § | |
| Defendants. | § | |

## **ORDER**

Before the Magistrate Judge upon referral from the District Judge us Plaintiff's Motion to Enforce (Document No. 56).  In that motion, Plaintiff seeks an Order enforcing a subpoena against Defendant Equifax that was issued by the arbitrator overseeing the arbitration between Plaintiff and Verizon Wireless.  According to Plaintiff, this Court can and should enforce the arbitrator's subpoena because the information sought from Defendant Equifax, which is not party to the arbitration, "is needed for Plaintiff to prove his case in arbitration against Verizon Wireless."

Having considered the motion, the response in opposition, the reply, the absence of any clear authority that would allow an arbitrator to issue a pre-hearing discovery subpoena to a non-party to the arbitration proceeding,[1] the current stay of Plaintiff's claims against Defendant Equifax, and the

---

[1] *See* 9 U.S.C. § 7 (The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person *to attend before them or any of them as a witness* and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.") (emphasis added); *see also Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1159 (11th Cir. 2019) ("we agree with the Second, Third, Fourth, and Ninth Circuits and hold that the plain language of the statute is unambiguous in requiring witnesses to appear before an arbitrator and bring any documents with them, thus prohibiting pre-hearing discovery from non-parties"); *Empire Fin.*

Fair Debt Collection claims which are at issue in this case and which, as between Defendant Equifax and Defendant Verizon Wireless, are clearly and closely intertwined, the Magistrate Judge concludes that the Court cannot and should not enforce the arbitrator's subpoena, but that Plaintiff, if the stay were lifted as to Defendant Equifax, could and should pursue the needed discovery herein. Accordingly, it is

ORDERED that Plaintiff's Motion to Enforce (Document No. 56) is DENIED, but Plaintiff shall have ten days from the date this Order is entered to file a Motion to Lift the Stay to allow Plaintiff to seek discovery from Defendant Equifax in this case.

Signed at Houston. Texas, this 7th day of April, 2021.

Frances H. Stacy
United States Magistrate Judge

---

*Grp., Inc. v. Penson Fin. Servs., Inc.*, No. CIV.A. 3:09-CV-2155D, 2010 WL 742579, at *3 (N.D. Tex. Mar. 3, 2010) ("The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing. As the Third Circuit reasoned, the text of § 7 mentions only orders to produce documents when brought with a witness to a hearing.").